1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ROBERT HACKWORTH,                          CASE NO. 1:06-CV-0772 AWI DLB PC

12                        Plaintiff,        _____ ORDER DENYING PLAINTIFF'S MOTION TO
                    vs.                             COMPEL

13                                                  (Doc. 50)

14
    H. GERMAN, et al.,                              ORDER   RE PLAINTIFF'S REQUEST TO
15                                                  PLACE SUMMARY JUDGMENT MOTION IN
                                                    ABEYANCE
16
                             Defendants.            (Doc. 55)
17
    _____/
18

19          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in the instant civil rights

20  action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed June 19,

21  2006, against defendants German, Weiglein, Martinez and Vella.

22          On September 11, 2008, plaintiff filed a motion to compel the production of documents. (Doc.

23  50).  Defendants filed their opposition on October 8, 2008.  (Doc. 57).  This motion is deemed

24  submitted.

25  ///

26  ///

27  ///

28  ///

                                        1

**Motion to Compel Production of Documents**

    **A.    Request One**

    Plaintiff requests "all administration disaplain taken against defendants, H. German, B. Weiglein, J.M. Martinez, R. Vella, dealing with any adcess of force past or present".

    Defendants responded as follows:

> Defendants object to this request on the grounds that it is vague and ambiguous as to the terms "adcess of force" and "administrative disaplain," it is overly broad and burdensome, and it calls for information not relevant nor likely to lead to the discovery of admissible evidence. In so far as Plaintiff is requesting Defendants' personnel documents, such documents are protected by the right of privacy. Moreover, the request calls for documents protected by official information and expressly exempted from disclosure under the Freedom of Information Act. Defendants also object to the extent the request seeks documents protected by the right of privacy of inmates. The request also calls for confidential information that would jeopardize the safety and security of the institution. *See* Title 15 California Code of Regulations §3321 - Confidential Material. Defendants further object on the grounds that request calls for information protected by statutes such as Penal Code sections 832.7 and 6126.3, Government Code section 6254, and Evidence Code section 1043.

    Plaintiff's request is over-broad. The only excessive force claims proceeding in this action are against defendants German and Weiglein. Both defendants German and Weiglein have served supplemental responses stating that without waiving their above objections, there are no records reflecting any adverse personnel actions taken against them for use of excessive force against inmates. (Doc. 57, Exh. A). The Court cannot order defendants to produce documents that do not exist.

    With respect to documents pertaining to defendants Martinez and Vella, the Court finds that plaintiff's request is not reasonably calculated to lead to discovery of admissible evidence, nor is relevant to a claim or defense. Accordingly, plaintiff's motion to compel the production of documents responsive to Request One is denied.

    **B.    Request Two**

    Plaintiff requests "Any administrative disaplain taken against the above defendants for voilating any inmates rights under due process, pasted or present".

    Defendants respond:

> Defendants object to this request on the grounds that it is overly broad and burdensome, it is vague as to the terms "administrative disaplain," and "due process rights" it calls for speculation, it calls for a legal conclusion, and it calls for documents that are not relevant, nor reasonably likely to lead to the discovery of admissible evidence. In so far as Plaintiff is requesting Defendants' personnel documents, such

2

1   documents are protected by the right of privacy.  Moreover, the request calls for
2   documents protected by official information and expressly exempted from disclosure
    under the Freedom of Information Act.  Defendants also object to the extent the request
3   seeks documents protected by the right of privacy of inmates.  The request also calls
    for confidential information that would jeopardize the safety and security of the
4   institution. *See* Title 15 California Code of Regulations §3321 - Confidential Material.
    Defendants further object on the grounds that request calls for information protected
5   by statutes such as Penal Code sections 832.7 and 6126.3, Government Code section
    6254, and Evidence Code section 1043.

6       Plaintiff's request is over-broad and vague.  Plaintiff has not placed any temporal limit on his

7   request, and his request would presumably cover disciplinary action taken well before and well after the

8   events giving rise to this action.  Plaintiff's request is also vague as to the types of due process

9   violations; plaintiff does not limit his request to disciplinary action for incidents factually similar to the

10  events giving rise to this action; an order compelling defendants to produce documents responsive to

11  plaintiff's request would include documentation for incidents that are unrelated and/or documents that

12  are irrelevant to this action.  Plaintiff's request to compel the production of documents responsive to

13  Request Two is denied.

14      **C.    Request Four**

15      Next, Plaintiff requests "All other writings, including but not limited to notes, diary entries,

16  personal journal entries, calendar entries, and all correspondence to and from anyone related to

17  Hackworth vs. H. German, et al., case no. 1:06-cv-00772 AWI DLB (PC) pasted or present".

18      Defendants respond as follows:

19
20      Defendants object to this request on the grounds that it is vague, overly broad and
        burdensome, it calls for information not relevant nor likely to lead to discovery of
21      admissible evidence, and calls for information subject to protection under the official
        information privilege, the attorney-client privilege, and the attorney work-product
22      privilege.  Based on these objections, Defendants will not respond to this request.

23      Defendants' objections are well-taken.  The Court agrees that Plaintiff's request is over-broad

24  and unduly burdensome.  The request will necessarily encompass litigation privileged and/or attorney-

25  client privileged documents that are not subject to production.  Plaintiff's motion to compel the

26  production of documents responsive to Request Four is DENIED.

27  ///

28  ///

3

1    **D.     Motion for Subpoena Duces Tecum**

2         Plaintiff requests that the Court issue a subpoena duces tecum commanding defendants to submit

3    the documents to the Court for review, in the event that the Court is disinclined to order their production

4    because the documents are sensitive in nature or confidential.

5         Plaintiff cannot seek by way of a subpoena duces tecum documents are not subject to production.

6    As explained above, defendants have properly objected to the production of the documents requested,

7    and have also indicated that they do not have documents responsive to some of his requests.   The

8    issuance of a subpoena duces tecum would be futile.  Plaintiff's motion for the issuance of a subpoena

9    duces tecum is denied.

10   **Motion for Abeyance**

11        Plaintiff has requested that defendants' motion for summary judgment be held in abeyance until

12   all discovery matters are resolved.  (Doc. 55).  There are no further discovery motions pending and the

13   discovery phase of this action is now closed.  The Court will address the pending motion for summary

14   judgment in due course.

15

16        IT IS SO ORDERED.

17   **Dated:    November 19, 2008**                    _____ **/s/ Dennis L. Beck**_____
                                                        UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

4