# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>        Plaintiff,<br><br>  v.<br><br>H. GERMAN, et al.,<br><br>        Defendants. | Case No. 1:06-cv-00772-AWI-DLB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 65) |

/

Plaintiff Robert Hackworth ("Plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 23, 2009, the Magistrate Judge filed a Findings and Recommendations that recommended the court grant Defendants' motion for summary judgment on Plaintiff's due process claim and deny Defendants' motion on the excessive force claim. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On May 11, 2009, Plaintiff filed an Objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In the objections, Plaintiff contends that there is a disputed issue of fact on his due process claim because Plaintiff

contends he served part of a SHU term that was later vacated. As explained by the Magistrate Judge, Defendants have provided evidence showing that whatever time Plaintiff was in the SHU was a result of other rules violations and not the vacated SHU term. Because Defendants met their initial responsibility, the burden shifted to Plaintiff to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.,210 F.3d 1099, 1103 (9th Cir. 2000). Plaintiff has failed to present evidence refuting Defendants' evidence that the time he spent in the SHU between the SHU term assessment and the vacation of the term was not related to the vacated SHU term. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir.2008) (quoting Fed. R. Civ. Pro. 56(e)). Thus, summary judgment on the due process claim as to defendants Martinez and Vella is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 23, 2009, is adopted in full; and
2. Defendants' motion for summary judgment, filed September 5, 2008, to the extent set forth above, is DENIED as to defendants German and Weiglein, and GRANTED as to defendants Martinez and Vella.

IT IS SO ORDERED.

**Dated:   August 7, 2009**                            **/s/ Anthony W. Ishii**
                                                      CHIEF UNITED STATES DISTRICT JUDGE