IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HACKWORTH, | ) | 1: 06-CV-0772 AWI DLB |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR COUNSEL |
| v. | ) ) | |
| H. GERMAN, et al., | ) | (Document #93) |
| Defendants. | ) ) ) | |

    Plaintiff is a state prisoner proceeding with a civil rights action against defendants.   The case now proceeds against Defendant Weiglein and Defendant German.   Plaintiff alleges Defendants violated Plaintiff's Eighth Amendment rights by using excessive force on Plaintiff.

    On April 15, 2010, Plaintiff filed a motion for counsel.

    On April 26, 2010, the court held a telephonic trial confirmation hearing.   At the hearing, the court discussed Plaintiff's motion for counsel.   The court stated it would deny Plaintiff's motion.

    There is no constitutional right to counsel in a civil case.   Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28

U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).  The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986).

Plaintiff has failed to make a showing that statutory grounds exist that require the court to appoint counsel.  Plaintiff has been able to present his claims adequately, and the issues at this stage of the case are issues of fact.   The issue to be presented to the jury is what actions Plaintiff and Defendants took surrounding Defendants' pepper spraying of Plaintiff .  This disputed issue of fact is ready to be tried by a jury, and any further proceedings in this action do not involve issues of law that are novel or complex.   A review of the docket also reveals that Plaintiff's filings are comprehensive and focused.   Plaintiff has filed numerous documents throughout this action, and these motions are articulate and organized.

In addition, at this time, the court has no panel of attorneys willing to represent prisoners in prisoner civil rights cases on a pro bono basis.  The court has made efforts to try to find counsel willing to try such cases, and the court has been unable to obtain a sufficient panel to arrange for counsel in every case.  To the contrary, the vast majority of cases proceed without counsel.

Accordingly, the court ORDERS that Plaintiff's motion for counsel is DENIED.

IT IS SO ORDERED.

**Dated:   April 27, 2010**            **/s/ Anthony W. Ishii**
                                       CHIEF UNITED STATES DISTRICT JUDGE